UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

B. SCOTT EDWARDS, III, LINDA
T. EDWARDS,

        Plaintiffs,

                                       Case Number 08-12063-BC
v.                                      Honorable Thomas L. Ludington

JACK M. AMIE, JR., LYNNE R. AMIE,

        Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, GRANTING DEFENDANTS' MOTION TO EXTEND DEADLINE FOR SUMMARY JUDGMENT MOTIONS, AMENDING CASE MANAGEMENT AND SCHEDULING ORDER, AND CANCELING HEARING**

Now before the Court is Defendants' motion for judgment on the pleadings [Dkt. # 16]. Plaintiffs filed this action in state court on or about March 3, 2008, in the 23rd Judicial Circuit Court of Michigan and Defendants removed to federal court on May 9, 2008, on the basis of diversity jurisdiction. Plaintiffs' complaint states two counts arising from Defendants' alleged breach of a purchase agreement to purchase Plaintiffs' home. In count I, Plaintiffs seek specific performance of the purchase agreement, and in count II, Plaintiffs seek damages resulting from Defendants' alleged breach of the purchase agreement.

On October 23, 2008, Defendants filed a motion for judgment on the pleadings alleging that the purchase agreement was not a valid contract because Defendants did not effectively sign the purchase agreement. On November 12, 2008, Plaintiffs filed a response. The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D.

Mich. LR 7.1(e)(2). For the reasons stated below, the Court will deny Defendants' motion for judgment on the pleadings.

Also before the Court is Defendants' motion to extend deadline for filing summary judgment motions [Dkt. # 21]. Defendants filed that motion on January 9, 2009, the day that summary judgment motions were due. Given that the Court had not yet ruled on Defendants' motion for judgment on the pleadings, an extension is justified. The Court will amend the case management and scheduling order to allow the parties to file motions for summary judgment on or before February 6, 2008.

I

Defendants Dr. Jack M. Amie, Jr., and Lynne R. Amie ("Defendants") are husband and wife and citizens of Georgia. Defendants were good friends for many years with Plaintiffs B. Scott Edwards, III, and Linda T. Edwards ("Plaintiffs"), who own a house in Michigan, located at 4129 Lost Lake Trail, Lincoln, Michigan. Defendants regularly visited northern Michigan in the summer.

One evening, in the spring of 2007, Defendants were enjoying dinner at Plaintiffs' home, when the possibility arose that Defendants might purchase Plaintiffs' home. According to Defendants, Plaintiffs indicated the possibility that they might sell their home. Plaintiffs state that they had not listed their home for sale nor had they entertained the idea of selling it. Regardless, Defendants expressed interest and negotiations ensued over several weeks.

On or about September 6, 2007, Plaintiffs paid for and secured an appraisal of their home, which indicated that the home had a fair market value of $421,700.00. According to Defendants, after Mr. Edwards took the lead, Defendants discussed possible financing for the purchase with Citizens Bank in Gaylord, Michigan, in October 2007.

Plaintiffs state that Defendants applied for a conventional mortgage in the amount of $332,000 with Citizens Bank on October 16, 2007. In that application, Defendants represented that they had a monthly income in the amount of $20,833.00 and liquid cash reserves in the amount of $200,000. On November 3, 2007, Citizens Bank notified Defendants of their loan approval, and Defendants signed a good faith estimate of settlement costs with reference to the approved mortgage application.

Plaintiffs state that on or about November 5, 2007, Plaintiffs prepared a purchase agreement, lead-based paint and lead-based hazards Michigan disclosure form, and sellers' disclosure statement. The purchase agreement was a two-page, standard fill-in-the blank type form. It stated, inter alia: "Buyer agrees to buy from seller the properly located at 4129 North Lost Lake Trail, Lincoln, (Alcona) Michigan 48747" and provided the legal description of the property. The sales price was indicated as $415,000, and a space for "deposit amount" was left blank. Under the "method of payment" heading, a box for "new mortgage" was checked. That section provided: "This contract is contingent on Buyer's ability to obtain a <u>conventional</u> mortgage loan in the amount of _____ . Buyer will apply for the loan within _____ days." (underlined portions handwritten or left blank, as indicated). Blanks in the sections related to "closing date" were left blank.

A section entitled, "offer/counter offer," stated:

> It is understood that this offer is irrevocable for five (5) days from its date, and if not accepted by the Seller within that time, the deposit shall be returned to the Buyer. If this offer is countered, Buyer must initial the changes, sign it and deliver it to seller by _____ (a.m.) (p.m.) of _____ or the offer will be null and void and the deposit returned to the Buyer.

The first page of the purchase agreement provides space for both buyer's and seller's initials. Plaintiffs' initials appear in those spaces, but not Defendants'. The second page provides a space

for buyers' signatures, including address, print names, and social security numbers. Defendants' information does not appear there. Below that, the purchase agreement provides space for sellers' signatures, including address, print names, and social security numbers. Plaintiffs' information appears there. Lastly, below that, the purchase agreements provides space for signatures indicating "buyer's receipt and acceptance of changes." That caption further provided that "Buyer has received Seller's acceptance of this contract. If the acceptance was subject to changes, Buyer agrees to accept the changes as written and all unchanged items." Buyers' signatures appear there. Both parties indicated on the purchase agreement that they signed the document on November 5, 2007.

According to Defendants, they desired to continue discussing the possible purchase of Plaintiffs' home, but did not want to be obligated to purchase it at that point. Thus, they signed only the receipt section of the purchase agreement. Defendants state that they faxed the form to the bank in order to allow it to continue its work evaluating their potential mortgage loan.

At some point, it became clear that the bank would only lend if Defendants executed an application form verifying that they had in excess of $80,000 available for a down payment. According to Defendants, they did not have that amount of cash available, were unwilling to verify to the bank that they did, and because Mr. Edwards was anxious to close the sale, he proposed to lend Defendants $80,000 towards a down payment, but Defendants refused to proceed. Plaintiffs state that Defendants requested that Plaintiffs loan them a portion of the down payment, which Plaintiffs state that they did via a promissory note dated November 15, 2007. The matter was set for closing on December 5, 2007, at which point Defendants refused to close the transaction.

II

Federal Rule of Civil Procedure 12(c) permits a judgment on the pleadings. A court must consider all factual allegations in the complaint as true. *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.3d 1233, 1235 (6th Cir. 1991) (citation omitted). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* (citation omitted).

### III

"In order to form a valid contract, there must be a meeting of the minds on all the material facts." *Kamalnath v. Mercy Memorial Hosp. Corp.*, 487 N.W.2d 499, 503 (Mich. Ct. App. 1992); *Guyan Coal & Coke Co. v. Wholesale Coal Co.*, 201 N.W. 194 (Mich. 1924); *Giannetti v. Cornillie*, 514 N.W.2d 221, 224 (Mich Ct. App. 1994) (Taylor, J., dissenting), reasoning adopted, 525 N.W.2d 459 (table) (Mich. Oct. 28, 1994). "A meeting of the minds is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Kamalnath*, 487 N.W.2d at 503 (internal citations omitted). "Meeting of the minds" is a figure of speech for "mutual assent." *Goldman v. Century Ins. Co.*, 93 N.W.2d 240, 243 (Mich. 1958).

"An offer is a unilateral declaration of intention," and is not a contract. *W. Mich. Univ. Bd. of Trs. v. Slavin*, 158 N.W.2d 884, 888 (Mich. 1968). "A contract is made when both parties have executed or accepted it, and not before." *Brown v. Considine*, 310 N.W.2d 441, 443 (Mich. Ct. App. 1981). A counter proposition is not an acceptance. *Harper Bldg. Co. v. Kaplan*, 52 N.W.2d 536, 538 (Mich. 1952). "Mere discussions and negotiation, including unaccepted offers . . . , cannot be a substitute for the formal requirements of a contract." *Kirchhoff v. Morris*, 275 N.W. 778 (Mich. 1937).

Defendants' sole argument that they are entitled to judgment on the pleadings is that Defendants' signatures on the purchase agreement in the space entitled "buyer's receipt and acceptance of changes" do not constitute a valid acceptance of Plaintiffs' offer. Defendants advance two reasons to support their argument. First, they contend that under Michigan law, an acceptance of a real estate sale contract must be unambiguous, citing *Dassance v. Nienhuis*, 225 N.W.2d 789, 794 (Mich. Ct. App. 1975). Defendants contend that the placement of their signatures only in the space designated for "buyer's receipt and acceptance of changes" makes the alleged acceptance ambiguous.

However, *Dassance* addressed whether the material terms of the alleged acceptance were unambiguous, not whether there was any ambiguity in whether the parties' actions or document constituted an acceptance. When the material terms, e.g., the property, the parties, and the consideration, described in an alleged "acceptance" differ from those stated in an offer, the alleged "acceptance" is not an acceptance at all, but a counteroffer. In this case, when Defendants signed the purchase agreement, they did not make any changes to the material terms. Thus, the material terms were unambiguous, and Defendants are not entitled to judgment on the pleadings based on this ground.

Second, Defendants contend that "a mere acknowledgment of receipt does not constitute acceptance." Defendants rely on *Harper*, 52 N.W.2d 536, for this proposition. While the *Harper* court did state, "Plaintiff's acknowledgment of the receipt of the acceptance did not constitute an acceptance of the counteroffer," the court found that this was because the acknowledgment, or alleged acceptance, changed a material term of the offer. Like *Dassance*, the court stated that "[a]ny material departure from the terms of an offer invalidates the offer as made, and results in a counter

proposition, which, unless accepted, cannot be enforced." *Harper*, 52 N.W.2d at 538. As already stated, Defendants' alleged acceptance did not alter any material terms of the purchase agreement, thus Defendants are not entitled to judgment on the pleadings on this ground.

IV

Accordingly, it is **ORDERED** that Defendants' motion for judgment on the pleadings is **DENIED** [Dkt. # 16].

It is further **ORDERED** that Defendants' motion to extend deadline for filing summary judgment motions is **GRANTED** [Dkt. # 21].

It is further **ORDERED** that the case management and scheduling order is **AMENDED** as follows: The parties shall file their dispositive motions on or before **February 6, 2009**. The balance of the case management and scheduling order remains in full force and effect.

It is further **ORDERED** that the hearing scheduled for January 21, 2009, is **CANCELED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 16, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 16, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS